IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cr-30033 |
| ) | |
| MILTON LACY, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Milton Lacy's Amended Motion for Compassionate Release (d/e 33) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

On June 25, 2004, Defendant Milton Lacy was sentenced to 188 months' imprisonment for possession of five or more grams of cocaine base with intent to distribute in a related case filed in the Central District of Illinois, case no. 03-cr-30115 ("Revocation Case").  On November 16, 2012, Defendant began his term of supervised release.  His supervised release was revoked, and he was

sentenced to time served plus one day.  On March 28, 2018, his supervised release recommenced.  However, a petition to revoke his supervised release was filed alleging that Defendant violated his mandatory condition by manufacturing/delivering a controlled substance and possession of a controlled substance, and conspiracy to manufacture/deliver a controlled substance.

New federal charges were brought against Defendant for the same conduct, thus creating this case.  On June 21, 2019, Defendant Lacy pled guilty to Counts 1 and 2 of the Indictment.  Both counts charged Defendant with distributing a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  On January 3, 2020, Defendant was sentenced to 21 months' imprisonment on Counts 1 and 2 to be served concurrently with each other but to be served consecutively to any sentence imposed in the Revocation Case.  Defendant was also sentenced to a 4-year term of supervised release.

On the same day, Defendant's supervised release was revoked in the Revocation Case.  Defendant was sentenced to one year and one day of imprisonment to run consecutive to the sentence

imposed in this case.  Defendant did not receive any additional term of supervised release.

Defendant is currently serving his sentence in FCI Terre Haute.  He has a projected release date of September 31, 2021.  As of July 20, 2020, FCI Terre Haute has no active COVID-19 cases, but one inmate and one staff member have recovered from COVID-19.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed July 20, 2020).

On June 30, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  See d/e 29.  On July 6, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed.  See d/e 33.  Defendant seeks compassionate release due to his health issues and the COVID-19 pandemic.  Defendant is a 37-year-old African American male who has been diagnosed with type 2 diabetes, hypertension, hyperlipidemia, and is morbidly obese.  Defendant also has a history of asthma and potentially has sleep apnea.

On July 9, 2020, the Government filed a response opposing Defendant's motion.  See d/e 36.  The Government argues that the

Court lacks the authority to grant Defendant's motion because Defendant has not exhausted his administrative rights with the Bureau of Prisons (BOP) or waited 30 days from the time a request to BOP regarding a motion for compassionate release was made. The Government also argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction.

On July 20, 2020, the Court held a video conference hearing on Defendant's motion, at which the Court spoke to Defendant Lacy and heard oral arguments from counsel.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the

Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Court concludes that § 3582(c)(1)(A) does not require the Court to wait to consider a compassionate release request if there is

a credible claim of serious and imminent harm from this pandemic. That does not mean the Court will waive the exhaustion requirements in all cases. The decision must be made on a case-by-case basis.

In this case, the Government identified that Defendant had submitted a request for compassionate release to his BOP facility on June 25, 2020. See d/e 36, p. 10. The Government argues that 30 days have not passed so Defendant has not met the 30-day requirement or exhaustion requirement found in 18 U.S.C. § 3582(c)(1)(A). Denying Defendant's motion without reaching the merits, only to order Defendant to wait five days to refile his request with this Court, would certainly frustrate the purposes of the statute. The Court excuses the requirement for Defendant to wait the 30-day requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

The Court must consider whether "extraordinary and compelling reasons warrant such a reduction" and is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious

nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Social distancing can be difficult for individuals living or working in a prison.

Defendant is currently incarcerated at FCI Terre Haute.  The Court notes that there are some discrepancies on the BOP website relating to COVID-19 cases at the Terre Haute facilities.  Although FCI Terre Haute does not have any active cases at this time, it is possible that at any moment an outbreak could occur especially in the living conditions of a prison.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed July 20, 2020).   There have already been cases at FCI Terre Haute as the BOP website indicates one staff member and one inmate have recovered from the illness.  Id.  Additionally, USP Terre Haute has two active inmate cases, one inmate death, and 6 inmates have recovered from COVID-19.  Id.  As of July 20, 2020, BOP reports that 3,781 federal inmates and 318 BOP staff have confirmed positive COVID-19 test results nationwide, and 97 inmates have died as a result of COVID-19.  Id.

Defendant Lacy is a 37-year-old African American male who has type 2 diabetes, essential hypertension, hyperlipidemia, and is morbidly obesity as he has a BMI of 47.5.  <u>See</u> Adult BMI Calculator, CDC, [https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html](https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html) (last accessed July 20, 2020).  Defendant also has a history of asthma and may have sleep apnea.  Defendant is at a higher risk of serious illness or death if he contracts COVID-19.  <u>See</u> People at Any Age with Underlying Medical Conditions, CDC, [https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html](https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html) (last accessed July 20, 2020) ("People of any age with the following conditions are at increased risk of severe illness from COVID-19:. . . Obesity (body mass index [BMI] of 30 or higher) . . . Type 2 diabetes mellitus."); Racial and Ethnic Minority Groups, CDC, [https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/racial-ethnic-minorities.html](https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/racial-ethnic-minorities.html) (last accessed July 20, 2020) ("Some racial and ethnic minority groups are over-represented in jails, prisons, homeless shelters, and detention centers, where people live, work, eat, study, and recreate within

congregate environments, which can make it difficult to slow the spread of COVID-19."). Individuals with hypertension and asthma also "might be at an increased risk." Id. Therefore, the Court finds that extraordinary and compelling reasons exist that warrant a reduction in Defendant Lacy's sentence.

The Court must also reconsider the factors set out in 18 U.S.C. § 3553(a). Defendant Lacy is currently serving a 21-month sentence for two counts of distributing a mixture and substance containing a detectable amount of cocaine base. Defendant Lacy was also revoked on his federal supervised release in the Revocation Case for the same conduct and was sentenced to a consecutive term of one year and one day. In total, Defendant Lacy was sentenced to 33 months and 1 day of imprisonment. Defendant Lacy has been in custody for 13 months, over one year, for his crimes. He only has a little over a year left to serve on his sentence as his projected release date is September 13, 2021. Since being incarcerated, Defendant Lacy has completed several educational classes. See d/e 29, pp. 5-10. He has not committed any disciplinary infractions during his current incarceration. See d/e 34. The Court has reconsidered the factors in § 3553(a) and concludes that they entitle

Defendant to compassionate release.

The Court also considers whether Defendant is a danger to the safety of any other person or to the community. See U.S.S.G. § 1B1.13.[1] If Defendant quarantines himself at his new place of residence away from any other household members, that will diminish the risk of spreading the virus. Otherwise, the Court does not find that Defendant poses a danger to the community.

The Court, taking all the relevant facts into account, finds that Defendant has established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment, and the Court finds that compassionate release is appropriate in this case.

### III. CONCLUSION

For the reasons set forth above, Defendant Milton Lacy's Amended Motion for Compassionate Release (d/e 33) is GRANTED. The Court DENIES as MOOT the pro se motions filed by Defendant Lacy (d/e 29). The Court hereby reduces Defendant's term of

---

[1] Section 1B1.13 of the Sentencing Guidelines has not been amended to reflect the First Step Act's amendment to 18 U.S.C. § 3582(c)(1)(A). As it stands, § 1B1.13 refers to a reduction "upon the motion of the Director of the Bureau of Prisoners." No policy statement provides guidance for when a defendant files a motion. Nevertheless, the Court considers § 1B1.13.

imprisonment in this case from 21 months on Counts 1 and 2 to time served plus 72 hours in order to allow BOP to test Defendant for COVID-19 and to allow Defendant to arrange transportation.

The Court modifies Defendant's conditions of supervised release to require Defendant to spend 6 months in home confinement, with the first 14 days to be spent in isolation. The home confinement shall start as soon as possible after his term of supervised release begins. Defendant shall be monitored by telephonic monitoring as approved by the United States Probation Office until such time as the U.S. Probation office is able to implement electronic monitoring. All other aspects of Defendant's sentence shall remain the same.

The Bureau of Prisons is ORDERED to immediately test Defendant for COVID-19. The Clerk is DIRECTED to send a copy of this Opinion to FCI Terre Haute. Defendant must self-quarantine for a period of 14 days beginning at the time of his release, including while he travels from his BOP facility to his new residence. Defendant shall travel to his new residence in a vehicle with three-row seating that allows him to follow the CDC's social distancing guidelines, which include staying at least six feet from

others and wearing a face mask and gloves.

ENTER:  July 20, 2020

>                              */s/ Sue E. Myerscough*
>                              SUE E. MYERSCOUGH
>                              UNITED STATES DISTRICT JUDGE